Ex parte JAMES LOCKHART.

No. A-4976. Opinion Filed Dec. 26, 1923.
(221 Pac. 119.)

(Syllabus.)

**Habeas Corpus—One Convicted Under Unconstitutional Law Entitled to Discharge.** A person who has been convicted of violating

an unconstitutional law, and is imprisoned under such judgment of conviction, will be discharged on habeas corpus.

Habeas corpus by James Lockhart for release from custody. Writ allowed, and petitioner discharged.

R. C. Searcy, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty Gen., for respondent.

DOYLE, J. This is a petition for writ of habeas corpus for the discharge of James Lockhart, from the penitentiary at McAlester, where it is alleged that he is unlawfully and illegally restrained of his liberty by the warden, J. H. Townsend; that the cause of said restraint is a commitment issued by the district court of Canadian county, James I. Phelps, judge, on a charge of setting up a distillery for the purpose of manufacturing corn liquor, which judgment was rendered upon a plea of guilty, entered by defendant on the 2d day of June, 1923, wherein he was sentenced to be confined in the penitentiary at McAlester for the term of one year, and that he pay the costs; and alleging that said imprisonment is illegal because the act approved February 5, 1923, c. 1, Sess. Laws 1923, making it a felony to set up a distillery for the purpose of manufacturing distilled spirits was held unconstitutional and void, as determined by the decision of this court in the case of In re D. E. Smith, 24 Okla. Cr. 415, 218 Pac. 708.

The Attorney General concedes that the writ should issue, and that the petitioner is entitled to be discharged.

In the case of Ex parte Smith, supra, the statute on which this prosecution is based was held unconstitutional and void.

It follows that petitioner is unlawfully imprisoned and restrained of his liberty by the respondent, and that he is

entitled to be discharged from the imprisonment of which he complains. He is, therefore, by the judgment of this court, discharged therefrom.

MATSON, P. J., and BESSEY, J., concur.